## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **DARNELL A. DAVIS,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civ.Act.No. 06-709-GMS |
| ) | |
| **RICHARD KEARNEY**, Warden ) | |
| and **JOSEPH R. BIDEN III**, Attorney ) | |
| General for the State of Delaware ) | |
| ) | |
| Respondents.[1] ) | |

## ANSWER

Pursuant to Rule 5 of the Rules Governing Section 2254 Actions, 28 U.S.C. foll. § 2254,

respondents state the following in response to the petition for a writ of habeas corpus:

On July 16, 2004, a Superior Court jury convicted Darnell Davis of one count of second

degree rape, as a lesser included offense of first degree rape, and one count of third degree

unlawful sexual contact, as a lesser included offense of first degree unlawful sexual contact. *See*

Del. Super. Ct. Crim. Dkt. Item 35 in case no. 0307017279A ("Superior Court Docket Item __").

For the rape conviction, Davis was sentenced to 25 years at level V imprisonment with credit for

436 days previously served, suspended after 20 years for decreasing levels of supervision.

Superior Court Docket Item 38. Davis was also sentenced to one year at level V, suspended for

one year at level III, for the unlawful sexual contact conviction. Superior Court Docket Item 38.

The Delaware Supreme Court affirmed Davis' convictions and sentences on direct appeal. *See*

*Davis v. State*, 2005 Del. LEXIS 363 (Del. Sept. 19, 2005).

---

[1] *See* Fed.R.Civ.P. 25(d)(1). Attorney General Joseph R. Biden, III, assumed office on January 2, 2007, replacing former Attorney General Carl C. Danberg, an original party to this case.

On December 12, 2005, Davis moved for state postconviction relief, alleging several counts of ineffective assistance of counsel. *See* Superior Court Docket Item 73. The Superior Court denied the motion. *See State v. Davis*, 2006 Del. Super. LEXIS 252 (Del. Super. Ct. June 12, 2006). Davis did not appeal the denial of his motion for postconviction relief until August 8, 2004. Superior Court Docket Item 79. Pursuant to Delaware Supreme Court Rule 6, the Delaware Supreme Court dismissed Davis' appeal as untimely. *See Davis v. State*, 2006 Del. LEXIS 430 (Del. Aug. 17, 2006).

Discussion

In his petition, Davis cites three instances when his counsel provided ineffective assistance. First, he faults counsel's failure to object to the trial judge instructing the jury on second degree rape as a lesser included offense of first degree rape. D.I. 1, Memo. at 13-16. Second, he charges that counsel did not present mitigating evidence at sentencing. D.I. 1, Memo. at 17. Finally, Davis alleges that counsel failed to preserve Davis' ability to file a "meaningful" appeal. D.I. 1, Memo. at 13.

Before a federal court can consider a habeas petitioner's claim, the petitioner must first exhaust any available state court remedies. 28 U.S.C. § 2254(b)(1); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997). To satisfy the exhaustion requirement, the petitioner must "fairly present" his federal claims to the highest state court before bringing them in federal court. *See Duncan v. Henry*, 513 U.S. 364, 366 (1995); *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Whitney v. Horn*, 280 F.3d 240, 250 (3d Cir. 2002). To "fairly present" a federal claim to a state court, a petitioner must have presented the claim's factual and legal substance to the state courts in a manner that puts the state courts on notice that a federal claim is being asserted. *McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir. 1999). "[I]t is not sufficient that all the facts

necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982).

Davis has not exhausted his claims of ineffective assistance of counsel by presenting them to the Delaware Supreme Court. Davis presented his claims of ineffective assistance of counsel to the Delaware Superior Court. *See State v. Davis*, 2006 Del. Super. LEXIS 252, at *2-3. On June 12, 2006, the Superior Court judge denied relief, finding that Davis's claims were without merit under *Strickland v. Washington*, 466 U.S. 668, 687 (1968). Under Delaware Supreme Court Rule 6,[2] Davis had until July 12, 2006 to file a notice of appeal from the Superior Court's order. Davis, however, did not file a timely notice of appeal. *See* Superior Court Docket Item 79; *Davis*, 2006 Del. LEXIS 430, at *1. By failing to timely appeal the Superior Court's denial of his motion for postconviction relief, Davis deprived the Supreme Court of jurisdiction to consider the matter. *See, e.g., Carr v. State*, 554 A.2d 778, 779 (Del. 1989). As a result, Davis has failed to fairly present his claims of ineffective assistance of counsel to the Delaware Supreme Court. Accordingly, he has failed to exhaust available state court remedies.

Of course, if there are no available state court remedies, then Davis is excused from the exhaustion requirement. *See Teague v. Lane*, 489 U.S. 288, 298 (1989); *Castille v. Peoples*, 489 U.S. 346, 351-52 (1989). Davis had presented his claims of ineffective assistance to the Superior Court, but he failed to timely pursue an appeal to the Supreme Court. Any attempts by Davis, therefore, to revisit the same grounds of ineffective assistance of counsel in Superior Court to revive appellate review would be procedurally barred under Delaware Superior Court Criminal

---

[2] Delaware Supreme Court Rule 6(a)(3) requires that a notice of appeal be filed "[w]ithin 30 days after entry upon the docket of a judgment or order in any proceeding for post-conviction relief." Moreover, the 30 day limitations period is jurisdictional. *See, e.g., Carr v. State*, 554 A.2d 778, 779 (Del. 1989).

Rule 61(i).[3]  *See Kennedy v. Kearney*, 1996 WL 534877, *2-3 (D. Del. Sept. 11, 1996).  Because

Davis cannot present his allegations of ineffective assistance of counsel to the Delaware

Supreme Court, he is excused from satisfying the exhaustion requirement.  *See Lawrie v. Snyder*,

9 F. Supp.2d 428, 453-54 (D. Del. 1998).

Nevertheless, federal habeas review of the claim is barred unless Davis establishes cause

for his procedural default in the state courts and actual prejudice.  *See Coleman v. Thompson*,

501 U.S. 722, 750-51 (1991); *Caswell v. Ryan*, 953 F.2d 853, 861-62 (3d Cir. 1992); *Dawson v.*

*Snyder*, 988 F. Supp. 783, 802-03 (D. Del. 1997); *Johnson v. Ellingsworth*, 783 F. Supp. 215,

218-21 (D. Del. 1992).  To demonstrate cause for a procedural default, a petitioner must show

that "some objective factor external to the defense" precluded his compliance with state

procedural rules. *McCleskey v. Zant*, 499 U.S. 467, 493 (1991); *Murray v. Carrier*, 477 U.S. 478,

487 (1986); *Dawson*, 988 F. Supp. at 805.  To establish prejudice under the cause and prejudice

standard, a petitioner must show "not merely that the errors at . . . trial created a possibility of

prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire

trial with error of constitutional dimensions." *Carrier*, 477 U.S. at 493-94 (quoting *United States*

---

[3] Specifically, Davis would be precluded on the basis of Superior Court Criminal Rule 61(i)(1)
because his motion would come more than one year after Davis' judgment of conviction became
final. Also, reconsideration of Davis' claims would also be barred under Rule 61(i)(4) unless
Davis could demonstrate that reconsideration of his claims was warranted in the interest of
justice. Reconsideration "in the interest of justice" is narrow and requires that the movant show
"that subsequent legal developments have revealed that the trial court lacked the authority to
convict or punish him." *Flamer v. State*, 585 A.2d 736, 746 (Del. 1990) (*citing Davis v. United
States*, 417 U.S. 333, 342 (1974)). Moreover, "a defendant is not entitled to have a court re-
examine an issue that has been previously resolved 'simply because the claim is refined or
restated.'" *Skinner v. State*, 607 A.2d 1170, 1172 (Del. 1992) (*quoting Riley v. State*, 585 A.2d
719, 721 (Del. 1990)). Because Davis would be restating the same claims of ineffective
assistance of counsel in order to gain appellate review, he would not be entitled to
reconsideration in the interests of justice. *See Davis v. State*, 1995 WL 439224, *2 (Del. July 17,
1995); *Washington v. State*, 1994 WL 590489, *2 (Del. Oct. 6, 1994); *Lundy-Bey v. State*, 1991
WL 28885, *1 (Del. Feb. 14, 1991).

*v. Frady*, 456 U.S. 152, 170 (1982)); *Dawson*, 988 F. Supp. at 804-05. Davis has not articulated any basis in his petition to establish cause for failing to appeal the denial of his motion for postconviction relief in Superior Court. As a result, the claim can be dismissed without any consideration of actual prejudice. *See Lawrie*, 9 F. Supp. 2d at 452 (*citing Presnell v. Kemp*, 835 F.2d 1567, 1589 n. 29 (11th Cir. 1988); *Carter v. Neal*, 910 F. Supp. 143, 151 (D. Del. 1995)). Conversely, Davis has not articulated anything to allow the Court to conclude that he has shown actual prejudice that would excuse his default. Accordingly, his petition should be dismissed.

Conclusion

Based upon the Superior Court docket sheet, it appears that transcripts of Davis' trial and sentencing proceedings have been prepared. In the event that the Court directs the production of any transcript, respondents cannot state with specificity when such transcript would be available. However, respondents reasonably anticipate that such production would take 90 days from the issuance of any such order by the Court.

For the foregoing reasons, the petition for writ of habeas corpus should be dismissed without further proceedings.

> /s/Kevin M. Carroll
> Kevin M. Carroll
> Deputy Attorney General
> Department of Justice
> 820 N. French Street
> Wilmington, DE 19801
> (302) 577-8500
> Del. Bar. ID No. 4836
> Kevin.Carroll@state.de.us

Dated: June 8, 2007

LEXSEE



Analysis
As of: Jun 08, 2007

**DARNELL A. DAVIS, Defendant Below-Appellant, v. STATE OF DELAWARE,
Plaintiff Below-Appellee.**

**No. 478, 2004**

**SUPREME COURT OF DELAWARE**

**2005 Del. LEXIS 363**

**July 26, 2005, Submitted
September 19, 2005, Decided**

**NOTICE:**

[*1]    THIS OPINION HAS NOT BEEN RE-
LEASED FOR PUBLICATION IN THE PERMANENT
LAW REPORTS. UNTIL RELEASED, IT IS SUBJECT
TO REVISION OR WITHDRAWAL.

**SUBSEQUENT HISTORY:** Post-conviction relief de-
nied at State v. Davis, 2006 Del. Super. LEXIS 252 (Del.
Super. Ct., June 12, 2006)

**PRIOR HISTORY:**    Court Below--Superior Court of
the State of Delaware in and for Sussex County. Cr.A.
Nos. 03-08-0287; 0290.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** A jury of the Sussex
County Superior Court, Delaware, convicted defendant
of the lesser-included offenses of rape in the second de-
gree and unlawful sexual contact in the third degree. De-
fendant was sentenced to a total of 26 years incarcera-
tion, with credit for 436 days previously served, to be
suspended after 20 years for decreasing levels of proba-
tion. Defendant appealed the judgment.

**OVERVIEW:** Defendant's attorney filed a brief and a
motion to withdraw, pursuant to Del. Sup. Ct. R.
26(c)(4). Defendant argued that the superior court erred
in failing to fully instruct the jury on the lesser-included
rape and unlawful sexual contact charges. The instant
court found no error or abuse of discretion on the part of
the trial court in instructing the jury as it did. The trial

court was not required under Delaware's lesser-included
offense statute, Del. Code Ann. tit. 11, § 206(c) (2001),
to instruct the jury with respect to a lesser-included of-
fense unless there was a rational basis in the evidence for
a verdict acquitting defendant of the offense charged and
convicting him of the included offense instead. There
was no rational basis in the evidence for the trial judge to
instruct the jury on the lesser-included offenses of rape in
the third degree and unlawful sexual contact in the sec-
ond degree. Both of these charges required that the vic-
tim be less than 16 years old and, at the time of trial, it
was undisputed that the victim was 17 years old. The
instant court concluded that defendant's appeal was
wholly without merit and devoid of any arguably appeal-
able issue.

**OUTCOME:** The judgment was affirmed. The motion
to withdraw was moot.

**CORE TERMS:** rape, sexual contact, lesser-included,
deadly weapon, withdraw, cousin, years old, instruct,
walked, appealable, ride home, rational basis, night, fu-
ton, conscientious, presentation, responded, devoid,
apartment complex, oral sex, year-old, apartment, secre-
tion, bracelet, vaginal, broken, lived, drive, clothes, stick

**LexisNexis(R) Headnotes**

*Criminal Law & Procedure > Appeals > Frivolous Ap-
peals*
*Governments > Courts > Rule Application & Interpre-
tation*

[HN1]The standard and scope of review applicable to a motion to withdraw and an accompanying brief under Del. Sup. Ct. R. 26(c) is twofold: (1) the reviewing court must be satisfied that defense counsel has made a conscientious examination of the record and the law for claims that could arguably support the appeal; and (2) the reviewing court must conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.

*Civil Procedure > Judicial Officers > Judges > General Overview*

*Criminal Law & Procedure > Criminal Offenses > Miscellaneous Offenses > Lesser Included Offenses > Sex Crimes*

*Criminal Law & Procedure > Jury Instructions > Particular Instructions > Lesser Included Offenses*

[HN2]Under Delaware's lesser-included offense statute, Del. Code Ann. tit. 11, § 206(c) (2001), a trial judge is not required to instruct a jury with respect to a lesser-included offense unless there is a rational basis in the evidence for a verdict acquitting the defendant of the offense charged and convicting him of the included offense instead.

**JUDGES:** Before HOLLAND, BERGER and JACOBS, Justices.

**OPINION BY:** Carolyn Berger

**OPINION**

**ORDER**

This 19th day of September 2005, upon consideration of the appellant's brief filed pursuant to Supreme Court Rule 26(c), his attorney's motion to withdraw, and the State's response thereto, it appears to the Court that:

(1) The defendant-appellant, Darnell A. Davis, was found guilty by a Superior Court jury of the lesser-included offenses of Rape in the Second Degree and Unlawful Sexual Contact in the Third Degree. He was sentenced to a total of 26 years incarceration at Level V, with credit for 436 days previously served, to be suspended after 20 years for decreasing levels of probation. This is Davis' direct appeal.

(2) Davis' trial counsel has filed a brief and a motion to withdraw pursuant to Rule 26(c). [HN1]The standard and scope of review applicable to a motion to withdraw and an accompanying brief under Rule 26(c) is twofold: (a) the Court must [*2] be satisfied that defense counsel has made a conscientious examination of the record and the law for claims that could arguably support the appeal;

and (b) the Court must conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation. [1]

> 1  *Penson v. Ohio,* 488 U.S. 75, 83, 102 L. Ed. 2d 300, 109 S. Ct. 346 (1988); *McCoy v. Court of Appeals of Wisconsin,* 486 U.S. 429, 442, 100 L. Ed. 2d 440, 108 S. Ct. 1895 (1988); *Anders v. California,* 386 U.S. 738, 744, 18 L. Ed. 2d 493, 87 S. Ct. 1396 (1967).

(3) Davis' counsel asserts that, based upon a careful and complete examination of the record, there are no arguably appealable issues. By letter, Davis' counsel informed Davis of the provisions of Rule 26(c) and provided him with a copy of the motion to withdraw, the accompanying brief and the complete trial transcript. Davis also was informed of his right to supplement his attorney's presentation. [*3]  Davis responded with a brief that raises one issue for this Court's consideration. The State has responded to the position taken by Davis' counsel as well as the issue raised by Davis and has moved to affirm the Superior Court's judgment.

(4) Davis raises one issue for this Court's consideration. He claims that the Superior Court failed to fully instruct the jury on the lesser-included rape and unlawful sexual contact charges. His argument is that the judge should have instructed the jury on Rape in the First, Second, Third and Fourth Degrees and Unlawful Sexual Contact in the First, Second and Third Degrees.

(5) The evidence presented at trial was as follows. On July 12, 2003, 17 year-old Yalisha Joynes was visiting her cousin at the Hollybrook Apartments on the west side of Laurel, Delaware. Yalisha lived in Wexford Village Apartments on the east side of Laurel, about one and a half miles away. At about 10:00 p.m., after unsuccessfully attempting to contact her mother for a ride home, Yalisha walked to the home of her friend, Charlotta Hughes. Still unable to find a ride home, Yalisha finally agreed to go with Nakeama Davis, who had driven into Hughes' apartment complex and volunteered [*4] to give her a ride. Darnell Davis, Nakeama's 37 year-old cousin, was in the car with her.

(6) Rather than taking Yalisha home, however, Nakeama went to an apartment complex in Concord, Delaware, to check on her children. Following an argument between Nakeama and the babysitter, Davis told Yalisha that he had another cousin close by who would drive her home. Davis and Yalisha walked to the home of Davis' cousin, but no one was available to drive Yalisha home. As a result, Yalisha spent the night at the house. She slept in the same room with Davis, but there

were no sexual relations between the two. Davis fell asleep immediately. Yalisha did not sleep all night.

(7) In the morning, Yalisha went into the living room and took a short nap on the couch. Davis woke her up and she went outside and waited for Davis to find her a ride home. Becoming increasingly impatient, Yalisha decided to walk to the home of a friend who lived nearby. Davis accompanied her. As they walked by a vacant building, Davis shoved Yalisha inside. He led her to a futon and told her to remove her clothes. Davis had a stick in his hand and pointed it at Yalisha in a threatening manner. He then forced her to perform [*5] oral sex and fondled her. When he was finished, Davis told Yalisha to put her clothes back on. Wanting to leave something behind as evidence of where the incident occurred, Yalisha threw her broken bracelet under the futon. She then walked to the home of her friend, Shaneice Showell.

(8) Yalisha told Shaneice what had happened. She also telephoned her cousin Tremaine, her brother Ty, and the Delaware State Police. Officer Scott Workman and Detective John Messick arrived in response to her phone call. Detective Messick interviewed her and tape-recorded the interview. The officers then took Yalisha to Nanticoke Memorial Hospital in Seaford, Delaware, for an examination and tests. The examination by Nurse Debra Holbrook did not reveal any bruises or marks on Yalisha's body. A dried secretion on Yalisha's left breast and secretions from Yalisha's mouth were swabbed for DNA testing and were later found to be a genetic match to Davis. Yalisha would not consent to a blood test. Nurse Holbrook determined that, because there was no vaginal penetration, no vaginal examination was necessary. Subsequently, the police found Yalisha's broken bracelet under the futon where she stated she had placed [*6] it, but did not find the stick with which Yalisha said Davis threatened her.

(9) Davis testified in his own behalf at trial. He denied forcing himself upon Yalisha and claimed that Yalisha willingly performed oral sex on him in the back seat of a car at Nakeama's house. Davis' brother testified that he observed Davis and Yalisha hugging and kissing each other that night at Nakeama's house.

(10) The record reflects that Davis initially was charged with Rape in the First Degree, Possession of a Deadly Weapon During the Commission of a Felony, Aggravated Menacing, Unlawful Sexual Contact in the First Degree, Unlawful Imprisonment in the First Degree, Possession of a Deadly Weapon by a Person Prohibited, and Endangering the Welfare of a Child. [2] At the beginning of the third day of trial, the State took the position that lesser-included rape and unlawful sexual contact charges should be included in the jury instructions. At the close of the case, the judge ruled on the State's

application. Because the jury might not believe that Davis displayed a deadly weapon during the attack, the judge ruled that instructions would be given on Rape in the Second Degree [3] and Unlawful Sexual Contact [*7] in the Third Degree, [4] neither of which involves the use of a deadly weapon. The judge also ruled that an instruction would be given for Rape in the Fourth Degree, [5] because Davis was over 30 years old and Yalisha was under 18 years old at the time of the incident. The defense did not object to the judge's rulings.

> 2  The charge of Possession of a Deadly Weapon by a Person Prohibited was severed from the other charges and the charge of Endangering the Welfare of a Child was dismissed. Davis was found not guilty of Possession of a Deadly Weapon During the Commission of a Felony, Aggravated Menacing and Unlawful Imprisonment.

> 3  Del. Code Ann. tit. 11, § 772(a) (1) (2001).

> 4  Del. Code Ann. tit. 11, § 767 (2001).

> 5  Del. Code Ann. tit. 11, § 770(a) (2) (2001).

(11) [HN2]Under Delaware's lesser-included offense statute, [6] a trial judge is not required to instruct a jury with respect to a lesser-included offense "unless [*8] there is a rational basis in the evidence for a verdict acquitting the defendant of the offense charged and convicting him of the included offense [instead]." [7] In this case, there was a rational basis in the evidence for the judge to instruct the jury on the lesser-included offenses of Rape in the Second and Fourth Degrees and Unlawful Sexual Contact in the Third Degree. There was, however, no rational basis in the evidence for the judge to instruct the jury on the additional lesser-included offenses of Rape in the Third Degree [8] and Unlawful Sexual Contact in the Second Degree. [9] Both of these charges require that the victim be less than 16 years old and, at the time of trial, it was undisputed that Yalisha was 17 years old. As such, we find no error or abuse of discretion on the part of the Superior Court in instructing the jury as it did.

> 6  Del. Code Ann. tit. 11, § 206(c) (2001).

> 7  *State v. Cox*, 851 A.2d 1269, 1274 (Del. 2003).

> 8  Del. Code Ann. tit. 11, § 771(a) (1) (2001).

> 9  Del. Code Ann. tit. 11, § 768 (2001).

[*9] (12) This Court has reviewed the record carefully and has concluded that Davis' appeal is wholly

2005 Del. LEXIS 363, *

without merit and devoid of any arguably appealable issue. We also are satisfied that Davis' counsel has made a conscientious effort to examine the record and has properly determined that Davis could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

/s/ Carolyn Berger

Justice

LEXSEE



Analysis
As of: Jun 08, 2007

**State of Delaware v. Darnell A. Davis**

**Def. ID#: 0307017279A**

**SUPERIOR COURT OF DELAWARE, SUSSEX**

**2006 Del. Super. LEXIS 252**

**March 9, 2006, Submitted**
**June 12, 2006, Decided**

**NOTICE:**

[*1]   THIS OPINION HAS NOT BEEN RE-
LEASED FOR PUBLICATION. UNTIL RELEASED,
IT IS SUBJECT TO REVISION OR WITHDRAWAL.

**SUBSEQUENT HISTORY:** Appeal dismissed by
Davis v. State, 2006 Del. LEXIS 430 (Del., Aug. 17,
2006)

**PRIOR HISTORY:** Davis v. State, 2005 Del. LEXIS
363 (Del., Sept. 19, 2005)

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** After being convicted of
second-degree rape under Del. Code Ann. tit. 11, § 772
and third-degree unlawful sexual contact, defendant, who
was accused of raping the victim with a stick, filed a
motion for postconviction relief. He argued that his trial
counsel had been ineffective.

**OVERVIEW:** Defendant had been charged with first-
degree rape under Del. Code Ann. tit. 11, § 773. At the
close of the evidence, the State, believing that the jury
might conclude that the stick was not a deadly weapon,
asked the trial court to instruct on the lesser included
offense of second-degree rape. Defense counsel did not
object. The court stated that as the jury could have found
that the stick was not a deadly weapon, the instruction
was proper. Any objection would have been pointless.
Next, defendant argued that counsel was ineffective in
not objecting to the wording of the second-degree rape
instruction. The court stated that the instruction con-

tained all of the elements of the offense under Del. Code
Ann. tit. 11, § 772(a)(1). Defendant was objecting be-
cause the trial court did not instruct under Del. Code
Ann. tit. 11, § 772(a)(2). No such charge had been re-
quested, and many of the elements in § 773(a)(2) did not
apply to the case. Finally, defense counsel was not inef-
fective for failing to raise mental illness and mental re-
tardation as mitigating factors. There was no reason for
him to suspect such problems, and it did not appear that
he would have found any evidence of them.

**OUTCOME:** The court denied the motion for postcon-
viction relief.

**CORE TERMS:** rape, jury instruction, lesser-included,
deadly weapon, sexual intercourse, postconviction, inten-
tionally, ineffective, appealable, instruct, felony, stick,
sentencing, ineffective assistance of counsel, intercourse,
deficient, mitigating factors, supervision, oral sex, vic-
tim's consent, wording, sexual, reasonable doubt, at-
tended, staff

**LexisNexis(R) Headnotes**

*Criminal Law & Procedure > Counsel > Effective As-
sistance > Tests*
*Criminal Law & Procedure > Postconviction Proceed-
ings > General Overview*
*Evidence > Inferences & Presumptions > Presumptions*
*Evidence > Inferences & Presumptions > Rebuttal of
Presumptions*
[HN1]In order to prevail on a claim for ineffective assis-
tance of counsel pursuant to Del. Super. Ct. R. Crim. P.

61, a defendant must engage in a two-part analysis. First, the defendant must show that counsel's performance was deficient and fell below an objective standard of reasonableness. Second, the defendant must show that the deficient performance prejudiced the defense. Further, a defendant must make and substantiate concrete allegations of actual prejudice or risk summary dismissal. It is also necessary that the defendant rebut a strong presumption that trial counsel's representation fell within the wide range of reasonable professional assistance, and the post-conviction court must eliminate from its consideration the distorting effects of hindsight when viewing that representation. There is no procedural bar to claims of ineffective assistance of counsel.

*Criminal Law & Procedure > Jury Instructions > Requests to Charge*
[HN2]See Del. Super. Ct. R. Crim. P. 30.

*Criminal Law & Procedure > Jury Instructions > Particular Instructions > Lesser Included Offenses*
[HN3]A trial judge must give a lesser-included offense instruction at the request of either the defendant or the prosecution--even over the objection of the other party--if the evidence presented is such that a jury could rationally find the defendant guilty of the lesser-included offense and acquit the defendant of the greater offense.

*Criminal Law & Procedure > Criminal Offenses > Sex Crimes > Sexual Assault > Rape > Elements*
[HN4]See Del. Code Ann. tit. 11, § 772(a)(1).

**COUNSEL:** Darnell A. Davis, Georgetown, DE.

Adam D. Gelof, Esquire, Department of Justice, Georgetown, DE.

E. Stephen Callaway, Esquire, Public Defender's Office, Georgetown, DE.

**JUDGES:** E. SCOTT BRADLEY, JUDGE.

**OPINION BY:** E. SCOTT BRADLEY

**OPINION**

This is my decision on Darnell A. Davis' ("Davis") motion for postconviction relief. Davis was charged with Rape in the First Degree, Possession of a Deadly Weapon During the Commission of a Felony, Aggravated Menacing, Unlawful Sexual Contact in the First Degree, Possession of a Deadly Weapon by a Person Prohibited, Unlawful Imprisonment in the First Degree

and Endangering the Welfare of a Child. The charges arose out of Davis' rape of Yalisha Joynes ("Joynes"). Joynes and Davis did not know each other. However, they ended up spending the night together. The next day, Davis, on the pretext of showing Joynes "something," led her into a small building and, while brandishing a stick, forced her to undress and perform oral sex on him. Davis was convicted by a jury of the lesser-included offenses of Rape in the Second Degree and Unlawful Sexual [*2] Contact in the Third Degree. I sentenced Davis to 26 years at supervision level V, suspended after serving 20 years at supervision level V for decreasing levels of supervision. The Supreme Court affirmed Davis' convictions on September 19, 2005. [1] This is Davis' first motion for postconviction relief and it was filed in a timely manner.

> 1 *Davis v. State*, 2005 WL 2296598 (Del. Supr.).

Davis has presented all of his grounds for relief in terms of claims of ineffective assistance of counsel. Davis was represented by E. Stephen Callaway, Esquire ("Callaway"). Davis alleges that Callaway failed to (1) object to the State's request for a jury instruction on the lesser-included offense of Rape in the Second Degree; (2) object to the wording of the jury instruction on the offense of Rape in the Second Degree; (3) preserve Davis' ability to file a meaningful appeal; and (4) produce mitigating factors at the sentencing. Callaway filed an affidavit responding to the allegations. Given the non-factual [*3] nature of the allegations, I have concluded that it is not necessary to hold a hearing.

The United States Supreme Court has established the proper inquiry to be made by courts when deciding a motion for postconviction relief. [2] [HN1]In order to prevail on a claim for ineffective assistance of counsel pursuant to Superior Court Criminal Rule 61, the defendant must engage in a two-part analysis. [3] First, the defendant must show that counsel's performance was deficient and fell below an objective standard of reasonableness. [4] Second, the defendant must show that the deficient performance prejudiced the defense. [5] Further, a defendant "must make and substantiate concrete allegations of actual prejudice or risk summary dismissal." [6] It is also necessary that the defendant "rebut a 'strong presumption' that trial counsel's representation fell within the 'wide range of reasonable professional assistance,' and this Court must eliminate from its consideration the 'distorting effects of hindsight when viewing that representation.'" [7] There is no procedural bar to claims of ineffective assistance of counsel. [8]

> 2 *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

[*4]

3   *Strickland*, 466 U.S. at 687.

4   *Id.* at 687.

5   *Id.* at 687.

6   *State v. Coleman*, 2003 WL 22092724 (Del. Super.).

7   *Coleman*, 2003 WL at *2, *quoting Strickland*, 466 U.S. at 689.

8   *Coleman*, 2003 WL at *1, *citing State v. Johnson*, Del. Super. Ct., Cr. A. No. 97-10-0164(R1), Graves, J. (August 12, 1999) at 2; *State v. Gattis*, Del. Super. Ct., Cr. A. Nos. IN90-05-1017 to 1019, Barron, J. (December 28, 1995) at 7, *aff'd*, 697 A.2d 1174 (Del. 1997).

## I. The Lesser-Included Offense

Davis alleges that Callaway was ineffective because he failed to object to the State's request for a jury instruction on the lesser-included offense of Rape in the Second Degree. The State originally charged Davis with Rape in the First Degree under Del.C. § 773(a)(2)(a). This charge was based on, among other factors, the State's belief that Davis raped Joynes during the commission of a felony. The felony was Possession of a Deadly weapon During the Commission of a [*5] Felony. The deadly weapon was a stick. At the close of the evidence, the State asked the Court to instruct the jury on the lesser-included offense of Rape in the Second Degree under 11 Del.C. § 772(a)(1), believing that the jury may conclude that the stick was not a deadly weapon. Callaway did not object because he did not think there was a basis to do so. The Court granted the State's request.

Superior Court Criminal Rule 30 states that [HN2]"[a]t the close of evidence or at any time during the trial as the court reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth in the requests." The Supreme Court in *State v. Cox* [9] stated that [HN3]"the trial judge must give a lesser-included offense instruction at the request of either the defendant or the prosecution -- even over the objection of the other party-if the evidence presented is such that a jury could rationally find the defendant guilty of the lesser-included offense and acquit the defendant of the greater offense." [10] A jury could have concluded that the stick was not a deadly weapon. Given this, and Joynes' testimony that Davis forced her to [*6] perform oral sex on him, a jury could have found that Davis was only guilty of Rape in the Second Degree. Thus, it was appropriate to instruct the jury on this offense. Even if Calla-

way had of objected, it would have been pointless because the State was clearly entitled to a jury instruction on the lesser-included offense of Rape in the Second Degree.

9   *State v. Cox*, 851 A.2d 1269 (Del. 2003).

10   *Cox*, 851 A.2d at 1275.

## II. The Rape in the Second Degree Jury Instruction

Davis alleges that Callaway was ineffective because he did not object to the wording of the jury instruction on the offense of Rape in the Second Degree. Davis argues that the Court did not give the jury all of the elements of the offense. Rape in the Second Degree under Del.C. § 772(a)(1) is defined as follows:

> [HN4]"A person is guilty of rape in the second degree when the person intentionally engages in sexual intercourse with another person, and the intercourse occurs without the victim's [*7] consent."

The Court's instruction to the jury was as follows:

## RAPE IN THE SECOND DEGREE

The pertinent definition of Rape in the Second Degree in the Criminal Code is as follows:

> "A person is guilty of rape in the second degree when the person intentionally engages in sexual intercourse with another person, and the intercourse occurs without the victim's consent."

In order to find the defendant guilty of Rape in the Second Degree, you must find the following elements have been proven beyond a reasonable doubt:

1. The defendant engaged in sexual intercourse with Yalisha Danniall Joynes on the date alleged in the information. I have previously defined "sexual intercourse" for you.

### AND

2. The intercourse occurred without Yalisha Danniall Joynes' consent.

### AND

3. The defendant acted intentionally. I have previously defined "intentionally" for you.

If, after considering all of the evidence, you find that the State has established beyond a reasonable doubt that the defendant acted in such a manner as to satisfy all of the elements which I have just stated, at or about the date and place stated in the information, you should find the defendant [*8] guilty of Rape in the Second Degree. If you do not so find, or if you have a reasonable doubt as to any of the elements of this offense, you must find the defendant not guilty of Rape in the Second Degree, and you may consider the lesser included offense of Rape in the Forth Degree.

The instruction clearly contains all of the elements of Rape in the Second Degree under § 772(a)(1). Davis is complaining because the Court did not instruct the jury on Rape in the Second Degree under § 773(a)(2). Davies' complaint is unfounded. No one asked for a jury instruction on Rape in the Second Degree under § 773(a)(2). The State only requested a jury instruction under § 773(a)(1). The jury instruction given by the Court contained all of the elements that were necessary to find Davis guilty of Rape in the Second Degree based on what the State requested and the evidence in the case. Many of the elements under § 773(a)(2) were not applicable. There was simply no basis for Callaway to object to the instruction as given.

### III. Appealable Issues

Davis alleges that Callaway was ineffective because he failed to preserve any issues for appeal. Callaway withdrew his representation during [*9] the direct appeal pursuant to Supreme Court Rule 26(c) because he could not find any appealable issues. The Supreme Court conducted its own review of the record and determined that the appeal was wholly without merit and devoid of any arguably appealable issues. The Supreme Court was satisfied that Callaway examined the record and that no arguably appealable issues existed. [11] Moreover, Davis had not identified any issues that Callaway should have raised.

11  *Davis*, 2005 WL 2296598 at *3.

### IV. Mitigating Factors

Davis alleges that Callaway was ineffective because he did not produce any mitigating factors at sentencing. Davis states that he (1) is mildly retarded, (2) has a personality disorder, (3) has passive-aggressive and anti-social traits, and (4) attended special education classes throughout school. According to Callaway, Davis never told him or his staff about any such problems. Callaway added that at no time during his representation of Davis did he give him any reason to believe [*10] that he suffered from any such problems. Davis also did not present these matters to the Court when given an opportunity to do so at sentencing. Other than making these naked allegations, Davis has not offered any evidence that he actually suffers from any such problems. Davis was also interviewed by the Investigation Services Office in connection with the preparation of a pre-sentence report. The report does not indicate that Davis mentioned any such problems to the staff. Moreover, the report does not support Davis' allegations. It indicates that Davis had a substance abuse evaluation on August 10, 2000, and that no treatment was recommended. It also indicates that Davis had a psychological evaluation on February 19, 2002, and that no psychiatric diagnosis was found. The Investigative Services Office could not get Davis' school records because the school that he attended had already destroyed them. Under the circumstances, there was no reason for Callaway to suspect that Davis suffered from any problems that should be investigated further for sentencing. Moreover, it does not appear that Callaway would have found anything if he had looked.

### CONCLUSION

I have concluded, for [*11] the reasons set forth herein, that Davis' allegations are without merit and that Callaway's performance was not deficient. Davis' motion for postconviction relief is DENIED.

### IT IS SO ORDERED.

E. Scott Bradley

LEXSEE



Analysis
As of: Jun 08, 2007

**DARNELL A. DAVIS, Defendant Below-Appellant, v. STATE OF DELAWARE,
Plaintiff Below-Appellee.**

**No. 404, 2006**

**SUPREME COURT OF DELAWARE**

**2006 Del. LEXIS 430**

**August 9, 2006, Submitted
August 17, 2006, Decided**

**NOTICE:**

[*1]    THIS OPINION HAS NOT BEEN RE-
LEASED FOR PUBLICATION IN THE PERMANENT
LAW REPORTS. UNTIL RELEASED, IT IS SUBJECT
TO REVISION OR WITHDRAWAL.

**PRIOR HISTORY:**    Court Below--Superior Court of
the State of Delaware in and for Sussex County. Cr. ID
No. 0307017279.
State v. Davis, 2006 Del. Super. LEXIS 252 (Del. Super.
Ct., June 12, 2006)

**JUDGES:** Before STEELE, Chief Justice, HOLLAND
and RIDGELY, Justices.

**OPINION BY:** Myron T. Steele

**OPINION**

**ORDER**

This 17th day of August 2006, upon consideration of
the appellant's untimely notice of appeal, the notice to
show cause issued by the Clerk, and the appellant's re-
sponse thereto, it appears that the appellant's failure to
timely file his appeal is not attributable to court-related
personnel. [1] Accordingly, this Court does not have juris-
diction to hear this untimely appeal.

> 1   *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).
> In the appellant's response to the notice to show
> cause, he states that he did not have sufficient
> time in the law library to obtain the necessary
> materials to file his appeal.

[*2]  NOW, THEREFORE, IT IS ORDERED, pur-
suant to Supreme Court Rules 6 and 29(b), that the
within appeal is DISMISSED.

BY THE COURT:

/s/ Myron T. Steele

Chief Justice

Westlaw.

663 A.2d 486                                                                                    Page 1

663 A.2d 486, 1995 WL 439224 (Del.Supr.)
**(Cite as: 663 A.2d 486)**

Davis v. State
Del.,1995.
(The decision of the Court is referenced in the
Atlantic Reporter in a 'Table of Decisions Without
Published Opinions.')
Supreme Court of Delaware.
Debro M. DAVIS, (a/k/a Debro Siddiq
Abdul-Akbar), Defendant Below, Appellant,
v.
STATE of Delaware, Plaintiff Below, Appellee.
**No. 219,1995.**

Submitted: June 22, 1995.
Decided: July 17, 1995.

Court Below: Superior Court of the State of
Delaware, in and for New Castle County, Cr.A. No.
IN93-11-0043R2.
Superior Court, New Castle County

AFFIRMED.

Before VEASEY, C.J., WALSH, and BERGER, JJ.

*ORDER*
VEASEY, Chief Justice.
**\*1** This 17th day of July, 1995, it appears to the
Court that:

(1) The appellee, State of Delaware ("State"), has
moved to affirm the judgment of the Superior Court
on the ground that it is manifest on the face of
appellant's opening brief that the appeal is without
merit. Supr.Ct.R. 25(a).

(2) In April 1994, the appellant, Debro M. Davis ("
Davis), pleaded guilty to first degree robbery, two
counts of possession of cocaine, and shoplifting.
All four crimes were charged under separate
indictments. In June 1994, the Superior Court
declared Davis to be an habitual offender and

sentenced him to ten years imprisonment,
suspended after five years for five years
confinement at a halfway house, followed by
various levels of probation.

(3) In December 1994, Davis filed a motion for
postconviction relief, pursuant to Superior Court
Criminal Rule 61 ("Rule 61"), contending that
Delaware's robbery statute is unconstitutionally
vague, that the indictment against him for robbery
was defective, and that his sentence is not being
carried out according to law. The Superior Court
denied Davis's motion on its merits in an order
dated January 31, 1995. Davis's subsequent appeal
from that order was dismissed by this Court on
jurisdictional grounds because Davis failed to file
his notice of appeal in a timely manner.
*Abdul-Akbar v. State,* Del.Supr., No. 102, 1995,
Holland, J. (Apr. 6, 1995) (ORDER).

(4) In April 1995, Davis filed a second motion for
postconviction relief, contending that (1) the
prosecutor engaged in misconduct by indicting him
for robbery when the facts alleged did not support
such a charge; (2) the indictment against him for
robbery failed to properly charge the offense of first
degree robbery; and (3) his guilty plea could not
operate as a waiver of the jurisdictional defect
created by the defective indictment against him for
robbery. The Superior Court, in accordance with
Rule 61(i)(4), held that Davis's claims had been
adjudicated in connection with his first
postconviction motion and that reconsideration of
the claims was not warranted in the interest of
justice. Davis now appeals from that ruling.

(5) When reviewing the Superior Court's denial of a
postconviction motion pursuant to Rule 61, this
Court first must consider the procedural
requirements of the rule before addressing any
substantive issues. *Younger v. State,* Del.Supr., 580
A.2d 552, 554 (1990). Rule 61(i)(4) provides, in
part, that any claim raised in a postconviction
motion that was adjudicated in a previous

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

663 A.2d 486

663 A.2d 486, 1995 WL 439224 (Del.Supr.)
**(Cite as: 663 A.2d 486)**

postconviction proceeding "is thereafter barred, unless reconsideration of the claim is warranted in the interest of justice."

(6) In his latest motion, Davis's claims are founded on his contention that the actions for which he was arrested did not constitute robbery. The Superior Court rejected that contention on the merits in ruling on Davis's first postconviction motion. The Superior Court was not required to reconsider the claims in Davis's latest motion simply because they were refined or restated. *Riley v. State,* Del.Supr., 585 A.2d 719, 721 (1990).

**\*2** (7) Furthermore, Davis's failure to perfect a timely appeal from his first unsuccessful postconviction motion is no reason for this Court, " in the interest of justice," to reconsider his previously adjudicated claims. *See Lundy-Bey v. State,* Del.Supr., No. 38, 1991, Moore, J. (Feb. 14, 1991) (ORDER). This Court has defined "interest of justice" to require a showing that "subsequent legal developments have revealed that the trial court lacked the authority to convict or punish" the accused. *Flamer v. State,* Del.Supr., 585 A.2d 736, 746 (1990). Davis has not attempted to satisfy this requirement.

(6) Consequently, it is manifest on the face of Davis's opening brief that his appeal is without merit because the issues presented in this appeal are clearly controlled by settled Delaware law and, to the extent that judicial discretion is implicated, clearly there was no abuse of discretion.

NOW, THEREFORE, IT IS ORDERED that, pursuant to Supreme Court Rule 25(a), the State's motion to affirm is GRANTED. The judgment of the Superior Court is hereby AFFIRMED.

Del.,1995.
Davis v. State
663 A.2d 486, 1995 WL 439224 (Del.Supr.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

651 A.2d 788                                                                                        Page 1

651 A.2d 788, 1994 WL 590489 (Del.Supr.)
**(Cite as: 651 A.2d 788)**

Washington v. State
Del.,1994.
(The decision of the Court is referenced in the
Atlantic Reporter in a 'Table of Decisions Without
Published Opinions.')
Supreme Court of Delaware.
Stanley E. WASHINGTON a/k/a Stanley E.
Shabazz, Defendant Below, Appellant,
v.
STATE of Delaware, Plaintiff Below, Appellee.
**No. 150, 1994.**

Submitted: July 26, 1994.
Decided: Oct. 6, 1994.

Court Below: Superior Court of the State of
Delaware, in and for New Castle County, Cr.A. No.
IN91-05-0797R3.
Superior Court, New Castle County

AFFIRMED.

Before WALSH, HOLLAND, and HARTNETT, JJ.

*ORDER*
HARTNETT, Justice.
*1 This 6th day of October, 1994, upon
consideration of the Opening Brief and Appendix of
Stanley E. Washington (the Appellant and
Defendant Below), the Motion To Affirm pursuant
to Supreme Court Rule 25(a) of the State (Appellee
and Plaintiff Below), it appears to the Court that:

(1) It is manifest on the face of Washington's
opening brief and appendix that the appeal is
without merit and the judgment of conviction in the
Superior Court must be affirmed.

(2) After a non-jury Superior Court trial,
Washington was convicted of third degree burglary.
On direct appeal this Court affirmed. *Washington*

*v. State,* Del.Supr., No. 40, 1992, Walsh, J. (Oct. 5,
1992) (ORDER). Immediately thereafter
Washington filed his first post-conviction motion in
which he claimed ineffective assistance of counsel
and a conflict of interest in the Office of the Public
Defender. The Superior Court denied the motion.
Washington did not appeal. A month later
Washington filed his second motion in the Superior
Court making the same claims. That motion was
denied and Washington did not appeal. He then
filed a motion for a new trial, a motion for
correction of sentence, and motion for reduction of
sentence in the Superior Court. Those motions
were denied and again Washington did not appeal.
In April 1994 Washington filed his third motion for
post-conviction relief, again claiming counsel was
ineffective and had a conflict of interest. In his
third motion, Washington conceded that in "two
post-conviction motion(s) and *habeas corpus,* [he
presented] the same issues presented in this
application." The Superior Court found that the
claims were the same as presented in his earlier
motions and summarily denied the motion as having
been previously adjudicated. Super.Ct.Crim.R.
61(i)(4). That decision is manifestly correct.

(3) In reviewing motions for post-conviction relief,
the Superior Court applies the rules governing
procedure before considering the merits of the
underlying claim for post-conviction relief. *Bailey
v. State,* Del.Supr., 588 A.2d 1121, 1127 (1991);
*Flamer v. State,* Del.Supr., 585 A.2d 736, 745
(1990); *Younger v. State,* Del.Supr., 580 A.2d 552,
554 (1990). Thus, in order to preserve the integrity
of Delaware's procedural rules, this Court should
ordinarily not consider the merits of Washington's
post-conviction claims. *Younger v. State,*
Del.Supr., 580 A.2d at 554. *See Harris v. Reed,*
489 U.S. 255 (1989).

(4) Washington's third motion for post-conviction
relief was properly denied by the Superior Court on
procedural grounds. That motion was repetitive.
A defendant must include all of his claims in his

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

651 A.2d 788

651 A.2d 788, 1994 WL 590489 (Del.Supr.)
**(Cite as: 651 A.2d 788)**

first post-conviction motion. Superior Court Criminal Rule 61(b)(2). Absent a showing that the consideration of a previously denied claim is warranted in the interests of justice, any future motion is barred as repetitive. *Robinson v. State,* Del.Supr., 562 A.2d 1184 (1989); *Younger v. State,* Del.Supr., 580 A.2d at 554-55. Washington has made no showing that the interest of justice justifies consideration of a third post-conviction motion.

**\*2** (5) Washington's latest motion is also barred under Superior Court Criminal Rule 61(i)(4) as having been formerly adjudicated. As Washington has conceded, he has raised the same issues in his earlier two motions. Under settled Delaware law, this attempt to relitigate a issue must be rejected. As this Court has observed, a Delaware court may not revisit an issue previously decided "simply because the claim is refined or restated." *Riley v. State,* Del.Supr., 585 A.2d at 719, 721 (1990). *Accord Younger v. State,* 580 A.2d at 556.

(6) Reconsideration of Washington's claims is therefore barred in this third post-conviction proceeding unless he can demonstrate that it in the "interests of justice." *Flamer v. State,* 585 A.2d at 748-50. Washington has not made such a showing and the Superior Court therefore properly dismissed the motion.

(7) In the Superior Court, the earlier two decisions established the law of the case. *See Marine v. State,* Del.Supr., 624 A.2d 1181, 1186 (1993); *Bailey v. State,* Del.Supr., 521 A.2d 1069, 1093 (1987). There is no reason to permit Washington to relitigate these issues simply because "he presents a new timely appeal of previously adjudicated claims. " *Lundy-Bey v. State,* Del.Supr., No. 38, 1991, Moore, J. (Feb. 14, 1991) (ORDER).

(8) It is therefore manifest on the face of Washington's opening brief and appendix that his appeal is without merit because it is procedurally barred, the issues on appeal are clearly controlled by settled Delaware law, and the decision of the Superior Court is free of any error of law.

NOW, THEREFORE, IT IS ORDERED, pursuant to Supreme Court Rule 25(a), that the judgment of

the Superior Court be, and the same hereby is,

AFFIRMED.

### APPENDIX

### EXHIBIT A

### IN THE SUPREME COURT OF THE STATE OF DELAWARE

Stanley E. Washington, Defendant Below, Appellant

v.

State of Delaware, Plaintiff Below, Appellee.

No. 40, 1992

Court Below: Superior Court of the State of Delaware in and for New Castle County Cr.A. No. IN91-05-0797

Submitted: September 9, 1992

Decided: October 5, 1992

Before VEASEY, Chief Justice, MOORE, and WALSH, Justices.

### *ORDER*

This 5th day of October, 1992, upon consideration of the briefs of the parties, it appears to the Court that:

(1) The appellant, Stanley Washington ("Washington"), appeals his Superior Court

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

651 A.2d 788

Page 3

651 A.2d 788, 1994 WL 590489 (Del.Supr.)
(Cite as: 651 A.2d 788)

conviction of Burglary Third Degree. In this appeal defendant asserts three claims of error: (1) that the evidence presented was insufficient to support conviction on the Burglary Third Degree charge; (2) that conviction of the defendant on the Burglary Third Degree charge and acquittal on the Theft charge is legally inconsistent; and (3) that conviction of the defendant on the Burglary Third Degree charge was the result of ineffective assistance of counsel. After careful review of each of these claims, we find them to be without merit and affirm the defendant's conviction.

**\*3** (2) At trial, the State presented evidence that Washington was discovered by police inside a sandwich shop located at Fourteenth and King Streets in Wilmington at approximately 3:30 a.m. on May 5, 1991. Washington was observed placing items into or taking items out of a box located in the center of the shop. The box was examined by the police and found to contain foodstuffs from the sandwich shop.

Washington argues that the State failed to present sufficient evidence of his intent to commit theft in the sandwich shop. When a defendant argues that evidence is insufficient to support a guilty verdict, it is necessary to determine whether, when viewing the evidence in a light most favorable to the prosecution, "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Skinner v. State,* Del.Supr., 575 A.2d 1108, 1121 (1990). It is undisputed that Washington was inside the darkened shop at 3:30 a.m., when the shop was closed for business, and that Washington was observed reaching into one of the cartons containing foodstuffs. The evidence suggests that Washington was collecting various food items and placing them in the cartons in the center of the store. Clearly, a rational trier of fact could conclude that Washington entered the sandwich shop with the intent to steal.

(3) Defendant next alleges that the verdict convicting him of Burglary Third Degree and acquitting him of Theft is legally inconsistent. Only when the elements of separate counts are identical may different verdicts be legally inconsistent. *Alston v. State,* Del.Supr., 410 A.2d

1019, 1020 (1980). In this case, the counts of burglary and theft are based on different statutes with different elements. *Compare* 11 *Del.C.* § 824 (Burglary Third Degree) *and* 11 *Del.C.* § 841 (Theft). The crime of burglary does not require an actual theft of property, but merely knowingly entering or remaining unlawfully in a building with the intent to commit a crime therein. 11 *Del.C.* § 824. However, theft requires that a person take or exercise control over the property of another. 11 *Del.C.* § 841. The extent of Washington's control over the property in the box is at least arguable. Apparently the Trial Judge, sitting without a jury, viewed the evidence as raising a reasonable doubt to that element of the crime of Theft. Thus, the Trial Judge concluded that Washington was not guilty of Theft, but further concluded the evidence was sufficient to convict Washington of Burglary Third Degree.

(4) Finally, defendant claims that his conviction of Burglary Third Degree is the result of ineffective assistance of counsel. A claim for ineffective assistance of counsel will not be considered by this Court on direct appeal unless the claim was adequately raised in the court below. *Wright v. State,* Del.Supr., 513 A.2d 1310, 1315 (1986). A claim of ineffective assistance of counsel may be raised in a motion for postconviction relief under Superior Court Criminal Rule 61 in which the defendant must not only show that defense counsel's performance was deficient but also that the defendant was prejudiced by this performance. It is clear from the record that this issue was not properly raised at the trial level and therefore will not be considered in the first instance on direct appeal.

**\*4** NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court be, and the same hereby is,

AFFIRMED.
----BY THE COURT:
----/s/ Joseph T. Walsh


----Justice

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

651 A.2d 788

651 A.2d 788, 1994 WL 590489 (Del.Supr.)
**(Cite as: 651 A.2d 788)**

EXHIBIT B

IN THE SUPREME COURT OF THE STATE OF
DELAWARE

Kenneth L. Lundy-Bey, Defendant Below,
Appellant,

v.

State of Delaware, Plaintiff Below, Appellee.

No. 38, 1991

Court Below: Superior Court of the State of
Delaware in and for Sussex County Cr.A. Nos.
S86-04-0195 thru 0199

Submitted: February 4, 1991

Decided: February 14, 1991

Before HORSEY, MOORE and WALSH, Justices.

*ORDER*

This 14th day of February, 1991, it appearing that:

1) Pursuant to Supreme Court Rule 25(a), the State
has moved to affirm a judgment of the Superior
Court denying Lundy-Bey's post-conviction relief
petition under Superior Court Criminal Rule 61(i)(4)
("Rule 61(i)(4)"). The State contends that the
issues raised in Lundy-Bey's opening brief are
clearly controlled by settled Delaware law and the
Superior Court did not abuse its discretion by
denying appellant's petition. We agree.

2) On October 9, 1986, Lundy-Bey pled guilty as
part of a plea bargain agreement to the charges of

Attempted Murder, First Degree Kidnapping, and
Possession of a Deadly Weapon During the
Commission of a Felony. The trial court sentenced
Lundy-Bey to two statutorily mandated life terms
plus three years.

3) In September, 1989, Lundy-Bey applied to the
Superior Court for post-conviction relief claiming
constitutionally ineffective assistance of counsel at
his plea hearing and challenging the length of his
sentences. The trial court denied Lundy-Bey's
petition after carefully examining the record and the
allegations raised in his application. *See In re
Lundy-Bey,* Del.Super., Cr.A. Nos. S86-04-0195,
0196, 0199, Lee, J. (October 31, 1989) (Letter Op.).

4) Lundy-Bey subsequently appealed the trial
court's decision to deny his post-conviction relief
petition to this Court. The Court dismissed his
appeal after Lundy-Bey failed to timely file an
opening brief in support of his claim. *See
Lundy-Bey v. State,* Del.Supr., No. 477, 1989,
Christie, C.J. (March 14, 1990) (ORDER).

5) On December 20, 1990, Lundy-Bey filed another
appeal to this Court directly challenging his October
9, 1986 sentencing. The Court again rejected his
claim as untimely. *See Lundy-Bey v. State,*
Del.Supr., No. 406, 1990, Christie, C.J. (Jan. 8,
1991) (ORDER).

6) In January, 1991, Lundy-Bey filed a second
post-conviction relief petition with the Superior
Court restating the claims he raised in his first
petition. The lower court summarily rejected
Lundy-Bey's application pursuant to Rule 61(i)(4)
which procedurally bars a petitioner from asserting "
[a]ny ground for relief that was formally
adjudicated ... in a post-conviction proceeding ...
unless reconsideration of the claim is warranted in
the interests of justice." *See In re Lundy-Bey,*
Del.Super., Cr.A. Nos. S86-04-0195, 0196, 0199,
Lee, J. (Jan. 18, 1991) (Letter Op.).

**\*5** 7) We find, after carefully reviewing the record,
that the trial court did not abuse its discretion in
rejecting Lundy-Bey's second post-conviction relief
petition. Lundy-Bey raised virtually identical
claims in both of his applications. His current

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

651 A.2d 788                                                    Page 5

651 A.2d 788, 1994 WL 590489 (Del.Supr.)
**(Cite as: 651 A.2d 788)**

claim is therefore barred unless reconsideration of his petition is necessary "in the interests of justice." *See Younger v. State,* Del.Supr., 580 A.2d 552, 556 (1990).

Lundy-Bey does not raise any arguments which would even tend to support a finding that his claims merit review in the "interest of justice." To the contrary, the record clearly indicates that Lundy-Bey had previously initiated appellate review of his first post-conviction claims and later knowingly abandoned his appeal after this Court supplied him with sufficient notice and warning. There is now no reason to permit Lundy-Bey to again avail himself of appellate review "in the interest of justice" merely because he presents a new timely appeal of previously adjudicated claims. *See, e.g., Riley v. State,* Del.Supr., No. 200, 1988, Horsey, J., slip op. at 5 (Dec. 21, 1990); *Nicholson v. State,* Del.Supr., No. 264, 1990, Moore, J. (Oct. 3, 1990) (ORDER).

8) Accordingly, it is manifest on the face of the appellant's opening brief that his appeal is without merit. The issues on appeal are clearly controlled by Delaware law and there was no abuse of discretion by the trial judge.

NOW, THEREFORE, IT IS ORDERED that the State's Motion to Affirm be, and the same hereby is, GRANTED. The judgment of the Superior Court is,

AFFIRMED.
----BY THE COURT:


----/s/ Andrew G. Moore, II


----Justice

Del.,1994.
Washington v. State
651 A.2d 788, 1994 WL 590489 (Del.Supr.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

587 A.2d 454

587 A.2d 454, 1991 WL 28885 (Del.Supr.)
**(Cite as: 587 A.2d 454)**

Page 1

Lundy-Bey v. State
Del.,1991.
(The decision of the Court is referenced in the
Atlantic Reporter in a 'Table of Decisions Without
Published Opinions.')
Supreme Court of Delaware.
Kenneth L. LUNDY-BEY, Defendant Below,
Appellant,
v.
STATE OF DELAWARE, Plaintiff Below,
Appellee.
**No. 38,1991.**

Submitted: Feb. 4, 1991.
Decided: Feb. 14, 1991.

Superior Court, Sussex County.

AFFIRMED.

Before HORSEY, MOORE and WALSH, Justices.

*ORDER*

MOORE, Justice.
**\*1** This 14th day of February, 1991, it appearing
that:

1) Pursuant to Supreme Court Rule 25(a), the State
has moved to affirm a judgment of the Superior
Court denying Lundy-Bey's post-conviction relief
petition under Superior Court Criminal Rule 61(i)(4)
("Rule 61(i)(4)"). The State contends that the
issues raised in Lundy-Bey's opening brief are
clearly controlled by settled Delaware law and the
Superior Court did not abuse its discretion by
denying appellant's petition. We agree.

2) On October 9, 1986, Lundy-Bey pled guilty as
part of a plea bargain agreement to the charges of
Attempted Murder, First Degree Kidnapping, and
Possession of a Deadly Weapon During the
Commission of a Felony. The trial court sentenced

Lundy-Bey to two statutorily mandated life terms
plus three years.

3) In September, 1989, Lundy-Bey applied to the
Superior Court for post-conviction relief claiming
constitutionally ineffective assistance of counsel at
his plea hearing and challenging the length of his
sentences. The trial court denied Lundy-Bey's
petition after carefully examining the record and the
allegations raised in his application. *See In re
Lundy-Bey,* Del.Super., Cr.A. Nos. S86-04-0195,
0196, 0199, Lee, J. (October 31, 1989) (Letter Op.).

4) Lundy-Bey subsequently appealed the trial
court's decision to deny his post-conviction relief
petition to this Court. The Court dismissed his
appeal after Lundy-Bey failed to timely file an
opening brief in support of his claim. *See
Lundy-Bey v. State,* Del.Supr., No. 477, 1989,
Christie, C.J. (March 14, 1990) (ORDER).

5) On December 20, 1990, Lundy-Bey filed another
appeal to this Court directly challenging his October
9, 1986 sentencing. The Court again rejected his
claim as untimely. *See Lundy-Bey v. State,*
Del.Supr., No. 406, 1990, Christie, C.J. (Jan. 8,
1991) (ORDER).

6) In January, 1991, Lundy-Bey filed a second
post-conviction relief petition with the Superior
Court restating the claims he raised in his first
petition. The lower court summarily rejected
Lundy-Bey's application pursuant to Rule 61(i)(4)
which procedurally bars a petitioner from asserting "
[a]ny ground for relief that was formally
adjudicated ... in a post-conviction proceeding ...
unless reconsideration of the claim is warranted in
the interests of justice." *See In re Lundy-Bey,*
Del.Super., Cr.A. Nos. S86-04-0195, 0196, 0199,
Lee, J. (Jan. 18, 1991) (Letter Op.).

7) We find, after carefully reviewing the record,
that the trial court did not abuse its discretion in
rejecting Lundy-Bey's second post-conviction relief

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

587 A.2d 454                                                                                                    Page 2

587 A.2d 454, 1991 WL 28885 (Del.Supr.)
**(Cite as: 587 A.2d 454)**

petition. Lundy-Bey raised virtually identical
claims in both of his applications. His current
claim is therefore barred unless reconsideration of
his petition is necessary "in the interests of justice."
*See Younger v. State,* Del.Supr., 580 A.2d 552, 556
(1990).

Lundy-Bey does not raise any arguments which
would even tend to support a finding that his claims
merit review in the "interest of justice." To the
contrary, the record clearly indicates that
Lundy-Bey had previously initiated appellate
review of his first post-conviction claims and later
knowingly abandoned his appeal after this Court
supplied him with sufficient notice and warning.
There is now no reason to permit Lundy-Bey to
again avail himself of appellate review "in the
interest of justice" merely because he presents a
new timely appeal of previously adjudicated claims.
*See, e.g., Riley v. State,* Del.Supr., No. 200, 1988,
Horsey, J., slip op. at 5 (Dec. 21, 1990); *Nicholson
v. State,* Del.Supr., No. 264, 1990, Moore, J. (Oct.
3, 1990) (ORDER).

*2 8) Accordingly, it is manifest on the face of the
appellant's opening brief that his appeal is without
merit. The issues on appeal are clearly controlled
by Delaware law and there was no abuse of
discretion by the trial judge.

NOW, THEREFORE, IT IS ORDERED that the
State's Motion to Affirm be, and the same hereby is,
GRANTED. The judgment of the Superior Court
is,

AFFIRMED.

Del.,1991.
Lundy-Bey v. State
587 A.2d 454, 1991 WL 28885 (Del.Supr.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.

Not Reported in F.Supp., 1996 WL 534877 (D.Del.)
**(Cite as: Not Reported in F.Supp.)**

**H**
Kennedy v. Richard Kearney
D.Del.,1996.
Only the Westlaw citation is currently available.
United States District Court, D. Delaware.
John B. KENNEDY, Jr., Petitioner,
v.
Richard KEARNEY, Warden, Sussex Correctional
Institution and M. Jane Brady, Attorney General of
the State of Delaware, Respondents.
**Civ. A. No. 95-613-SLR.**

Sept. 11, 1996.

John B. Kennedy, Jr., petitioner, *pro se.*
Timothy J. Donovan, Jr., Esquire, Deputy Attorney
General, Delaware Department of Justice,
Wilmington, Delaware, attorney for respondents.

MEMORANDUM OPINION
SUE L. ROBINSON, District Judge.

I. INTRODUCTION

*1 On January 9, 1992, petitioner was sentenced to
a twenty year term of imprisonment after pleading
guilty to one count of first degree unlawful sexual
intercourse. In his application for federal habeas
corpus relief, presently pending before this court, he
claims that his plea was not intelligently and
voluntarily made and that the assistance he received
from counsel was constitutionally deficient.
Respondents have filed their answer, claiming that
petitioner's claims are barred by his unexcused
procedural default in presenting his claims to the
state courts. For the reasons discussed below, the
court will deny the requested relief and dismiss the
petition.

II. BACKGROUND

In May 1991, a grand jury indicted petitioner on

nine separate felony counts related to the sexual
molestation of petitioner's daughter over a period of
three years. (D.I. 3 at Ex. C) Petitioner appeared in
Superior Court on January 9, 1992, for the purpose
of pleading guilty to one of the counts of the
indictment. In exchange for petitioner's guilty plea,
the State agreed to dismiss the other felony counts
as well as charges of lewdness, indecent exposure,
assault, and endangering the welfare of a child
which were pending against petitioner in Family
Court. (D.I. 3 at Ex. A3)

Before the plea colloquy began, petitioner's counsel
notified the court that, due to petitioner's illiteracy,
counsel had filled out the relevant forms for
petitioner and had explained them to him. (D.I. 3 at
Ex. A3-A4) In response to the court's questions,
petitioner indicated that he wished to enter a guilty
plea, that he understood the consequences of
waiving a jury trial, and that he was aware of the
range of penalties he could receive. (D.I. 3 at Ex.
A4-A7) Petitioner stated, regarding his attorney, "
He explained everything to me, went over
everything.... He read everything over with me and
my wife, went over everything real good, so I
understand what I was doing." (D.I. 3 at Ex.
A5-A6) Based on petitioner's responses, the court
stated its finding that petitioner's plea was "
knowingly, intelligently and voluntarily made."
(D.I. 3 at Ex. A10) The court sentenced petitioner
to a twenty-year term of incarceration, fifteen of
which were to be mandatory. (D.I. 3 at Ex. A13)

In November 1994, petitioner filed a Rule 61
postconviction motion, in which he claimed that his
representation by counsel had been deficient, that
his guilty plea was defective, and that the warrant
for his arrest had been based on false information.
(D.I. 3 at Ex. D) The Superior Court denied the
motion on the merits. (D.I. 3 at Ex. E) Petitioner
did not appeal.

Petitioner filed a second Rule 61 motion in Superior
Court on January 17, 1995. (D.I. 3 at Ex. D) In that

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                      Page 2

Not Reported in F.Supp., 1996 WL 534877 (D.Del.)
**(Cite as: Not Reported in F.Supp.)**

motion, petitioner restated the grounds he had
raised in his first motion for postconviction relief.
The court denied the motion on procedural grounds,
pursuant to Rule 61(i)(4), which provides:
Any ground for relief that was formerly adjudicated,
whether in the proceeding leading to the judgment
of conviction, in an appeal, in a postconviction
proceeding, or in a federal habeas corpus
proceeding, is thereafter barred, unless
reconsideration of the claim is warranted in the
interest of justice.

**\*2** Because each of petitioner's claims had been
adjudicated in his previous Rule 61 motion, the
court denied the second motion. (D.I. 3 at Ex. E)
Petitioner appealed, and the Delaware Supreme
Court affirmed. *Kennedy v. State,* No. 39, 1995
(Del. July 25, 1995).

### III. DISCUSSION

#### A. Exhaustion Requirement

Before the court can review petitioner's claims, the
court must ascertain whether petitioner has
exhausted all available state remedies. 28 U.S.C. §
2254(b). In making this determination, the court
should inquire as to whether there is an "absence of
available State corrective process or the existence
of circumstances rendering such process ineffective
to protect the rights of the prisoner." 28 U.S.C. §
2254(b). To exhaust state remedies, a petitioner
must have raised in the state courts the factual and
legal premises of the claims for relief he asserts in
the federal proceeding. *Gibson v. Scheidemantel,*
805 F.2d 135, 138 (3d Cir.1986).
"It is not enough that the petitioner presents to the
state court the facts upon which a federal claim is
based." The claim must be substantially equivalent
to that litigated in the state court. Both the legal
theory and the facts supporting a federal claim must
have been submitted to the state court.

*O'Halloran v. Ryan,* 835 F.2d 506, 508 (3d
Cir.1987) (citations omitted).

In the petition presently before the court, plaintiff

has presented two grounds for relief: 1) ineffective
assistance of counsel; and 2) a defective guilty
plea. Petitioner has previously raised precisely the
same claims before the state courts. His state
remedies, therefore, are exhausted.

#### B. Procedural Default

The Delaware Supreme Court did not have an
opportunity to rule on the merits of petitioner's
claims because he failed to appeal the Superior
Court's denial of his first postconviction motion.
Petitioner's second postconviction motion was
denied on procedural grounds. When petitioner
appealed the denial of the second motion, the
Delaware Supreme Court was barred from reaching
the merits by Rule 61(i)(4).

Allowing applicants for federal habeas corpus relief
to proceed in federal court where, as here, their own
default is responsible for the absence of available
state remedies would undermine the principles of
comity and federalism that underlie the exhaustion
requirement. *Coleman v. Thompson,* 501 U.S. 722
(1991). The United States Supreme Court has held
that a state court ruling resting on an independent
and adequate state procedural ground will bar
federal review absent a showing of cause for and
prejudice from the default. *Wainwright v. Sykes,*
433 U.S. 72, 81-82 (1977). The state courts'
application of Rule 61(i)'s procedural default
provision is a "plain statement" under *Harris v.
Reed,* 489 U.S. 255 (1989), that the state court
decisions rest on independent state grounds. Rule
61(i)(4) and similar rules in other states have also
been held adequate to bar federal review under
*Wainright. See Bond v. Fulcomer,* 864 F.2d 306
(3d Cir.1989); *Beatty v. Patton,* 700 F.2d 110,
112-13 (3d Cir.1983); *Woodlin v. Snyder,* C.A. No.
95-138-JJF (D.Del. June 16, 1995).

**\*3** Because the state courts based their denial of
petitioner's postconviction motion on an
independent and adequate state procedural ground,
this court may not consider the merits of petitioner's
ineffective assistance of counsel claim unless he can
"demonstrate cause for the default and actual
prejudice as a result of the alleged violation of

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                    Page 3

Not Reported in F.Supp., 1996 WL 534877 (D.Del.)
**(Cite as: Not Reported in F.Supp.)**

federal law, or demonstrate that failure to consider the claims[ ] will result in the fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750 (1991). The Supreme Court has held that " 'cause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him...." *Id.* at 753, *citing Murray v. Carrier,* 477 U.S. 478, 488 (1986) (emphasis in original).

Petitioner seeks to explain his failure to appeal the denial of his first postconviction motion by stating that the trial court refused to supply him with a free transcript "to verify facts." (D.I. 2) As a result, petitioner contends, the Superior Court dismissed his motion in a summary fashion without benefit of the record of petitioner's plea. Petitioner does not explain why the lack of a transcript, while not deterring him from filing a Rule 61 motion in Superior Court, would prevent him from appealing the denial of that motion. As respondents point out, if petitioner believed that the decision to deny him the transcript was erroneous, or that the lack of a transcript caused the wrongful dismissal of his postconviction motion, he had all the more reason to file an appeal. Petitioner's explanation, therefore, does not constitute cause. Because petitioner has failed to show cause for his default, it is not necessary for this court to address the issue of prejudice.

Petitioner also contends that the state courts should have excused his procedural default "in the interest of justice," and that their failure to do so constitutes a "substantial miscarriage of justice." (D.I. 10) Where a petitioner has defaulted his state remedies and has not demonstrated cause and prejudice, a federal court may entertain a petition for habeas corpus only if the petitioner makes a showing of " actual innocence." *Sawyer v. Whitley,* 112 S.Ct. 2514, 2519 (1992); *Murray,* 477 U.S. at 496. Petitioner has made no claim that he is actually innocent, and has articulated no facts that would support such a claim. His procedural default, therefore, is not excused.

## IV. CONCLUSION

For the reasons set forth above, the court will dismiss the application for habeas corpus relief and deny the writ of habeas corpus. An appropriate order will be entered.

D.Del.,1996.
Kennedy v. Richard Kearney
Not Reported in F.Supp., 1996 WL 534877 (D.Del.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

## CERTIFICATE OF SERVICE

I hereby certify that on June 8, 2007, I electronically filed the attached documents with

the Clerk of Court using CM/ECF.  I also hereby certify that on June 8, 2007, I have mailed by

United States Postal Service, the same documents to the following non-registered participant:

>   Darnell A. Davis
>   No. 182713
>   Sussex Correctional Institute
>   P.O. Box 500
>   Georgetown, DE 19947

>                             /s/Kevin M. Carroll
>                             Deputy Attorney General
>                             Department of Justice
>                             820 N. French Street
>                             Wilmington, DE 19801
>                             (302) 577-8500
>                             Del. Bar. ID No. 4836
>                             Kevin.Carroll@state.de.us

Date:  June 8, 2007