## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DARNELL A. DAVIS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   Civ. A. No. 06-709-GMS |
| | ) |
| MICHAEL DELOY, Warden, and | ) |
| ATTORNEY GENERAL OF THE | ) |
| STATE OF DELAWARE, | ) |
| | ) |
| Respondents.[1] | ) |

Darnell A. Davis. *Pro se* petitioner.

Kevin M. Carroll, Deputy Attorney General, Delaware Department of
Justice, Wilmington, Delaware. Attorney for respondents.

### MEMORANDUM OPINION

_____, 2009

Wilmington, Delaware

---

[1]Warden Michael Deloy assumed office in January, 2008, replacing Warden Richard
Kearney, an original party to this case. *See* Fed. R. Civ. P. 25(d)(1).

Sleet, Chief Judge

## I.  INTRODUCTION

Petitioner Darnell A. Davis ("Davis")  is an inmate at the Sussex Correctional Institution in Georgetown, Delaware.  Davis filed the pending petition for a writ of habeas corpus ("petition") pursuant to 28 U.S.C. § 2254.  (D.I. 1; D.I. 6.)  For the reasons that follow, the court will dismiss his petition.

## II.  PROCEDURAL BACKGROUND

On Delaware 16, 2004, a Superior Court jury convicted Davis of one count of second degree rape, as a lesser included offense of first degree unlawful sexual contact, and one count of third degree unlawful sexual contact, as a lesser included offense of first degree unlawful sexual contact.  For the rape conviction, the Superior Court sentenced Davis to 25 years at Level V imprisonment with credit for 436 days previously served, suspended after 20 years for decreasing levels of supervision.  For the unlawful sexual contact conviction, the Superior Court sentenced Davis to one year at Level V imprisonment, suspended for one year at Level III.  Davis appealed, and the Delaware Supreme Court affirmed Davis' convictions and sentences.  *See Davis v. State*, 884 A.2d 511 (Table), 2005 WL 2296598 (Del. Sept. 19, 2005).

In December 2005, acting *pro se,* Davis filed a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61, alleging four ineffective assistance of counsel claims. The Superior Court found all four claims to be without merit, and denied the Rule 61 motion in its entirety.  *See State v. Davis*, 2006 WL 1679587 (Del. Super. Ct. June 12, 2006) . Davis appealed, but the Delaware Supreme Court dismissed the appeal as untimely. *See Davis v. State*, 907 A.2d 145 (Table), 2006 WL 2389271 (Del. Aug. 17, 2006).

1

Davis timely filed the instant § 2254 petition, and the State filed an answer requesting the court to deny the petition as procedurally barred.  (D.I. 12.)  Davis' petition is ready for review.

## III.  GOVERNING LEGAL PRINCIPLES

### A.  The Antiterrorism and Effective Death Penalty Act of 1996

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "to reduce delays in the execution of state and federal criminal sentences . . . and to further the principles of comity, finality, and federalism." *Woodford v. Garceau*, 538 U.S. 202, 206 (2003)(internal citations and quotation marks omitted).  Pursuant to AEDPA, a federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). AEDPA imposes procedural requirements and standards for analyzing the merits of a habeas petition in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002);  *see Woodford,* 538 U.S. at 206.

### B.  Exhaustion and Procedural Default

Absent exceptional circumstances, a federal court cannot grant habeas relief unless the petitioner has exhausted all means of available relief under state law.  28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-44 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971).  AEDPA states, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or

> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

The exhaustion requirement is based on principles of comity, requiring a petitioner to give "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 844-45; *Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000). A petitioner satisfies the exhaustion requirement by demonstrating that the habeas claims were "fairly presented" to the state's highest court, either on direct appeal or in a post-conviction proceeding. *See Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997)(citations omitted); *Coverdale v. Snyder*, 2000 WL 1897290, at \*2 (D. Del. Dec. 22, 2000). "'Fair presentation' of a claim means that the petitioner 'must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted.'" *Holloway v. Horn*, 355 F.3d 707, 714 (3d Cir. 2004)(citing *McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir. 1999)).

A petitioner's failure to exhaust state remedies will be excused if state procedural rules preclude him from seeking further relief in state courts. *Lines v. Larkins,* 208 F.3d 153, 160 (3d Cir. 2000); *Wenger v. Frank,* 266 F.3d 218, 223 (3d Cir. 2001); *see Teague v. Lane,* 489 U.S. 288, 297-98 (1989). Nevertheless, such unexhausted claims are procedurally defaulted. *Lines,* 208 F.3d at 160. Similarly, if a state court refused to consider a petitioner's claims for failing to comply with an independent and adequate state procedural rule, the claims are deemed exhausted but procedurally defaulted. *Harris v. Reed,* 489 U.S. 255, 263 (1989); *Werts*, 228 F.3d at 192.

Federal courts may not consider the merits of procedurally defaulted claims unless the

3

petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claims. *McCandless v. Vaughn,* 172 F.3d 255, 260 (3d Cir. 1999); *Coleman v. Thompson,* 501 U.S. 722, 750-51 (1991); *Caswell v. Ryan,* 953 F.2d 853, 861-62 (3d Cir. 1992). To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier,* 477 U.S. 478, 488 (1986). A petitioner can demonstrate actual prejudice by showing "not merely that the errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 494.

Alternatively, a federal court may excuse a procedural default if the petitioner demonstrates that failure to review the claim will result in a fundamental miscarriage of justice. *Edwards v. Carpenter,* 529 U.S. 446, 451 (2000); *Wenger v. Frank,* 266 F.3d 218, 224 (3d Cir. 2001). A petitioner demonstrates a miscarriage of justice by showing a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray,* 477 U.S. at 496. Actual innocence means factual innocence, not legal insufficiency, *Bousley v. United States*, 523 U.S. 614, 623 (1998), and is established if no reasonable juror would have voted to find the petitioner guilty beyond a reasonable doubt. *Sweger v. Chesney,* 294 F.3d 506, 522-24 (3d Cir. 2002).

## IV. DISCUSSION

Davis asserts the following three claims of ineffective assistance of counsel: counsel failed to object to the trial judge's jury instruction on second degree rape as a lesser included

4

offense of first degree rape; counsel did not present mitigating evidence at sentencing; and counsel failed to preserve Davis' ability to file a "meaningful" appeal. (D.I. 6, at pp. 10-12.) Davis presented these claims to the Superior Court in his post-conviction proceeding, and then to the Delaware Supreme Court in his post-conviction appeal. However, after determining that Davis filed his notice of appeal after the 30-day time limit articulated in Delaware Supreme Court Rule 6, the Delaware Supreme Court dismissed the appeal as untimely.[2]

Davis' failure to file a timely post-conviction appeal under Delaware Supreme Court Rule 6 constitutes a procedural default of claims one, two, and three for the purposes of federal habeas review under the independent and adequate state procedural rule doctrine. *See Coleman v. Thompson,* 501 U.S. 722, 729-32, 752; *Kirby v. Delaware Via Detainer*, 2001 WL 641729, at *3 (D. Del. May 29, 2001); *Miller v. Snyder*, 2001 WL 173796, at *2 (D. Del. Feb. 14, 2001); *Hull v. Freeman*, 991 F.2d 86, 90-91 (3d Cir. 1993). Thus, the court cannot review the merits of the three claims unless Davis demonstrates cause for, and prejudice resulting from, the default, or that a miscarriage of justice will occur in the absence of such review.

Davis does not assert any cause to excuse his procedural default of his claims. In the absence of cause, the court will not address the issue of prejudice. Moreover, the miscarriage of justice exception to the procedural default doctrine does not excuse Davis' default, because he has not provided new reliable evidence of his actual innocence. Accordingly, the court will dismiss claims one, two, and three as procedurally barred.

---

[2]The Superior Court denied Davis' Rule 61 motion on June 12, 2006, but Davis waited until August 4, 2006 to file his notice of appeal.

## V. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Further, when a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the prisoner must demonstrate that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Slack*, 529 U.S. at 484.

The court concludes that Davis' petition does not warrant federal habeas relief. Reasonable jurists would not find this conclusion to be debatable. Consequently, the court declines to issue a certificate of appealability.

## VI. CONCLUSION

For the reasons stated, Davis' petition for habeas relief pursuant to 28 U.S.C. § 2254 is denied. An appropriate order shall issue.

6

## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DARNELL A. DAVIS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )    Civ. A. No. 06-709-GMS |
| | ) |
| MICHAEL DELOY, Warden, and | ) |
| ATTORNEY GENERAL OF THE | ) |
| STATE OF DELAWARE, | ) |
| | ) |
| Respondents. | ) |

### ORDER

For the reasons set forth in the Memorandum Opinion issued this date, IT IS HEREBY

ORDERED that:

1. Darnell A. Davis' petition for the writ of habeas corpus filed pursuant to 28

U.S.C § 2254 is DISMISSED, and the relief requested therein is DENIED. (D.I. 1; D.I. 6.)

2. The court declines to issue a certificate of appealability due to Davis' failure to satisfy

the standards set forth in 28 U.S.C. § 2253(c)(2).

Dated: _Feb 13_____, 2009

CHIEF, UNITED STATES DISTRICT JUDGE